Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Dwana S. Dixon (DD 0609)
ddixon@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Skyrocket LLC d/b/a Skyrocket Toys LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SKYROCKET LLC d/b/a SKYROCKET TOYS LLC<br>*Plaintiff*<br><br>v.<br><br>CLOUD COMMERCE SYSTEMS LIMITED d/b/a FASTTECH d/b/a FASTTECH.COM,<br>*Defendant* | CIVIL ACTION No. 1:19-cv-284<br><br>**COMPLAINT**<br><br>**Jury Trial Requested** |

Plaintiff Skyrocket LLC d/b/a Skyrocket Toys LLC, a limited liability company organized in California, ("Skyrocket" or "Plaintiff"), by and through its undersigned counsel, allege as follows:

**NATURE OF THE ACTION**

1.      This action involves claims for trademark infringement of Skyrocket's federally registered trademark in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq*.; counterfeiting of Skyrocket's federally registered trademark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c); false designation of origin, passing off,

and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); copyright infringement of Skyrocket's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*.; and related state and common law claims (the "Action"), arising from Defendant's infringement of Skyrocket's Pomsies Works (as defined *infra*) and Pomsies Mark (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling unlicensed, infringing versions of Skyrocket's Pomsies Products (as defined *infra*).

## JURISDICTION AND VENUE

2.    This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. and the Copyright Act, 17 U.S.C. §§ 101 *et seq*.; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

3.    Personal jurisdiction exists over Defendant in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3) because, upon information and belief, Defendant regularly conducts, transacts, and/or solicits business in New York and in this judicial district, and/or derives substantial revenue from its business transactions in New York and in this judicial district, particularly via its interactive website, supplies its goods (upon information and belief, Infringing Products, as defined *infra*) and/or otherwise avails itself of the privileges and

protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process, and/or Defendant's infringing actions caused injury to Skyrocket in New York and in this judicial district such that Defendant should reasonably expect such actions to have consequences in New York and in this judicial district.

4.      Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendant conducts business in this judicial district, a substantial part of the events or omissions giving rise to the asserted counts occurred in this judicial district, and harm to Plaintiff has occurred in this district.

## THE PARTIES

5.      Skyrocket is a company organized in California, with a principal place of business at 12910 Culver Boulevard, Suite F, Los Angeles California, 90066.

6.      Upon information and belief, Defendant Cloud Commerce Systems Limited d/b/a FastTech d/b/a FastTech.com is a Hong Kong corporation, having a principal place of business at 15/F Parklane Centre, 25 Kin Kwan Street, Tuen Mun, New Territories Hong Kong (hereinafter referred to as "Cloud Commerce" or "Defendant").   Upon information and belief, Cloud Commerce also owns and operates a return mailbox in the United States located at 8345 NW 66th St., Miami, Florida 33166.

## GENERAL ALLEGATIONS

### Skyrocket and Its Well-Known Pomsies Products

1.      Plaintiff is a leading global manufacturer and tech-entertainment company that designs and sells innovative consumer electronics, gaming products and children's toys under its

well-known brands, including Pomsies, as well as other proprietary properties, such as Recoil, Sky Viper and Mebo ("Skyrocket Product(s)").

2.      Plaintiff sells its Skyrocket Products throughout the U.S. and the world through major retailers, quality toy stores, department stores and online marketplaces, including, but not limited to, Walmart, Target and Amazon.com.

3.      One of Plaintiff's most recent and successful Skyrocket Products is Pomsies, which are interactive plush toy pets that children can play games with, cuddle and wear as accessories ("Pomsies Products").  Pomsies Products look like giant pom-poms that feature large, sparkly eyes and ears with a long, bendable tail that can wrap around a child's wrist, hair or backpack to take them on the go.

4.       Pomsies Products not only react to touch and movement through hidden sensors built into the plush, but their eyes also change colors to reflect their moods.  Pomsies Products can have up to 50 different reactions.

5.      Currently, there are thirteen different Pomsies Products to collect, ranging from Boots the Cat to Sydney the Koala to Luna the Unicorn and more.  Images of some of Skyrocket's Pomsies Products are attached hereto as **Exhibit A** and incorporated herein by reference

6.      Pomsies Products have been named one of the "hottest toys for 2018" by *New York Magazine* and were included in *Amazon's 2018 Holiday Toy List*.[1]

7.      Pomsies Products retail for approximately $15.00 each.

---

[1] Liza Corsillo, *The 21 Holiday Toys to Buy Now Before They Sell Out, According to Trend Forecasters* (Nov. 6, 2018), NEW YORK MAGAZINE, http://nymag.com/strategist/article/top-kids-toys-for-christmas.html/; Remi Rosmarin, *Amazon predicts these will be the 100 hottest toys every kid wants this holiday season* (October 13, 2018), BUSINESS INSIDER, https://www.businessinsider.com/amazon-best-toys-games-holidays-christmas-2018-9.

8.      While Skyrocket has gained significant common law trademark and other rights in its Pomsies Products through its extensive use, advertising and promotion, Skyrocket has also protected its valuable rights by filing for and obtaining a federal trademark registration.

9.      Skyrocket is the owner of U.S. Trademark Registration No. 5,572,184 for "POMSIES" for a variety of goods in Class 28 ("Pomsies Mark").  A true and correct copy of the registration certificate for the Pomsies Mark is attached hereto as **Exhibit B** and is incorporated herein by reference.

10.      The Pomsies Mark is currently in use in commerce in connection with the Pomsies Products.  The constructive date of first use based on Skyrocket's federal trademark registration for the Pomsies Mark is December 19, 2017, and Skyrocket has used the Pomsies Mark in commerce since at least as early as June 15, 2018.

11.      In addition, Skyrocket owns both registered and unregistered copyrights in and related to the Pomsies Products.

12.      Skyrocket has protected its valuable rights by filing and obtaining U.S. copyright registrations in and relating to the Pomsies Products. For example, Skyrocket is the owner of U.S. Copyright Registration No. VA 2-127-288, covering the Pomsies Cat, U.S. Copyright Registration No. VA 2-127-368, covering the Pomsies Dog, U.S. Copyright Registration No. VA 2-127-287, covering the Pomsies Dragon, U.S. Copyright Registration No. VA 2-127-381, covering the Pomsies Koala, U.S. Copyright Registration No. VA 2-127-371, covering the Pomsies Unicorn and U.S. Copyright Registration No. VA 2-127-295, covering the Pomsies Packaging (collectively, "Pomsies Works").  True and correct copies of the registration certificates and deposit materials for the Pomsies Works are attached hereto as **Exhibit C** and incorporated herein by reference.

13.     Skyrocket has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its Pomsies Products, Pomsies Mark and Pomsies Works.

14.     The success of the Pomsies Products is due in large part to Skyrocket's marketing, promotion and distribution efforts.  These efforts include, but are not limited to, the advertising and promotion of the Pomsies Products through nationwide television advertising campaigns for the Pomsies Products, print and internet-based advertising and publicity for the Pomsies Products, placement of the Pomsies Products at dozens of authorized major retail outlets, both domestically and abroad, and Skyrocket's participation in trade shows.

15.     Skyrocket and the Pomsies Products' successes are also due to Skyrocket's use of high-quality materials and processes in making the Pomsies Products.

16.     Additionally, Skyrocket owes a substantial amount of the success of the Pomsies Products to its consumers and the word-of-mouth buzz that its consumers have generated.

17.     As a result of Skyrocket's efforts, the quality of its Pomsies Products, its promotions, extensive press and media coverage, and word-of mouth-buzz, the Pomsies Products, Pomsies Works, and Pomsies Mark have become prominently placed in the minds of the public. Members of the public have become familiar with the Pomsies Products, Pomsies Works, and Pomsies Mark, and have come to recognize the Pomsies Products, Pomsies Works, and Pomsies Mark and associate them exclusively with Skyrocket.

18.     Skyrocket and its Pomsies Mark have acquired a valuable reputation and goodwill among the public as a result of such associations.

19.     Skyrocket has gone to great lengths to protect its interests in and to the Pomsies Works and Pomsies Mark.  No one other than Skyrocket is authorized to manufacture, import,

export, advertise, offer for sale, or sell any goods utilizing the Pomsies Works or Pomsies Mark without the express written permission of Skyrocket.

<b><u>Defendant's Wrongful and Infringing Conduct</u></b>

20.     In light of Skyrocket's enormous success, particularly with respect to the Pomsies Products, as well as the reputation that they have gained, Skyrocket and its Pomsies Products have become targets for unscrupulous individuals and entities that wish to exploit the goodwill, reputation, and fame Skyrocket has amassed in its Pomsies Products, Pomsies Works, and Pomsies Mark.

21.     Skyrocket investigates and enforces against such activity, and through such efforts, learned of the Defendant's actions, which vary and include, but are not limited to, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling products bearing one or more of Skyrocket's Pomsies Works and/or Pomsies Mark, and/or products in packaging and/or containing labels and/or marks and/or artwork that is substantially or confusingly similar to one or more of Skyrocket's Pomsies Works and/or Pomsies Mark, and/or products that are identical or substantially or confusingly similar to the Pomsies Products (hereinafter referred to as "Infringing Product(s)" or "Counterfeit Products") to U.S. consumers, including those located in the State of New York, through, at a minimum, its website, located at www.fasttech.com ("Defendant's Website").  Listings for some of the Infringing Products currently available on Defendant's Website are enclosed herewith as **Exhibit D**.

22.     Plaintiff first became aware of Defendant's infringing activities on or about October 2018, including, at the very least, Defendant's offering for sale and/or sale of Infringing Products via Defendant's Website.

23.     Plaintiff's counsel subsequently placed a covert purchase for the Infringing Products.  A true and correct copy of invoices for said covert purchase, along with photographs of

the mailing envelope containing the Infringing Products ordered and received by Plaintiff's counsel from Defendant's Website and such Infringing Products themselves, which were taken by Plaintiff's counsel, are enclosed herewith as **Exhibit E**.

24.     A side-by-side comparison of one of Plaintiff's Pomsies Products to the Infringing Product ordered from Defendant's Website and received by Plaintiff's counsel, appears below:

| <u>Pomsies Product</u> | <u>Infringing Product</u> |
|:---:|:---:|
|  | |

25.     Defendant is not, and has never been, authorized by Skyrocket or any of its authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale, or sell the Pomsies Products or to use Skyrocket's Pomsies Works and Pomsies Mark, or any artwork or marks that are substantially or confusingly similar to the Pomsies Works or Pomsies Mark.

26.     Defendant's Infringing Products are nearly indistinguishable from Skyrocket's Pomsies Products, only with minor variations that no ordinary consumer would recognize.

27.     By these dealings in Infringing Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products), Defendant has violated Skyrocket's exclusive rights in its Pomsies Works and Pomsies Mark, and has used images, designs and/or artwork that are confusingly and/or substantially similar to, identical to, and/or constitute counterfeiting and/or infringement of Skyrocket's Pomsies Works and Pomsies Mark in order to confuse consumers into believing that such Infringing Products are Skyrocket's Pomsies Products and aid in the promotion and sales of its Infringing Products.  Defendant's conduct began long after Skyrocket's adoption and use of its Pomsies Works and Pomsies Mark, Skyrocket's registration for the Pomsies Mark and after Skyrocket's Pomsies Products became well-known to the purchasing public.

28.     Prior to and contemporaneous with its actions alleged herein, Defendant had knowledge of Skyrocket's ownership of its Pomsies Works and Pomsies Mark, of the fame and incalculable goodwill associated therewith, and of the popularity and success of the Pomsies Products, and in bad faith adopted Skyrocket's Pomsies Works and Pomsies Mark.

29.     Defendant has been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Skyrocket's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Skyrocket, Skyrocket's Pomsies Works, Pomsies Mark, and Pomsies Products.

30.     Defendant's dealings in Infringing Products, as alleged herein, has caused, and will continue to cause, confusion, mistake, economic loss and has, and will continue to deceive consumers, the public, and the trade with respect to the source or origin of Defendant's Infringing Products, thereby causing consumers to erroneously believe that such Infringing Products are licensed by or otherwise associated with Skyrocket, thereby damaging Skyrocket.

31.     In committing these acts, Defendant has, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Skyrocket: infringed the Pomsies Works; infringed and counterfeited the Pomsies Mark; committed unfair competition; and unfairly and unjustly profited from such activities at Skyrocket's expense.

32.     Unless enjoined, Defendant will continue to cause irreparable harm to Skyrocket.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Trademark Counterfeiting Under Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d), and 1117(b)-(c)))**

33.     Skyrocket repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

34.     Skyrocket is the exclusive owner of all right and title to the Pomsies Mark.

35.     As noted *supra*, the Pomsies Mark has a constructive date of first use of December 19, 2017 and has been used by Skyrocket in interstate commerce since at least as early as June 15, 2018.

36.     Without Skyrocket's authorization or consent, with knowledge of Plaintiff's well-known and prior rights in its Pomsies Mark and with knowledge that Defendant's Counterfeit Products bear counterfeit marks, Defendant intentionally reproduced, copied, and/or colorably imitated the Pomsies Mark and/or used spurious designations that are identical with, or substantially indistinguishable from, the Pomsies Mark on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

37. Defendant has manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold its Counterfeit Products to the purchasing public in direct competition with Skyrocket, in or affecting interstate commerce, and/or has acted with reckless disregard of Skyrocket's rights in and to the Pomsies Mark through its participation in such activities.

38. Defendant has applied its reproductions, counterfeits, copies, and colorable imitations of the Pomsies Mark to packaging, point-of-purchase materials, promotions, and/or advertisements intended to be used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of Defendant's Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendant originate from, are associated with, or are otherwise authorized by Skyrocket, thereby making substantial profits and gains to which they are not entitled in law or equity.

39. Defendant's unauthorized use of the Pomsies Mark on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Skyrocket, and with the deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Pomsies Mark.

40. Defendant's actions constitute willful counterfeiting of the Pomsies Mark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

41. As a direct and proximate result of Defendant's illegal actions alleged herein, Defendant has caused substantial monetary loss and irreparable injury and damage to Plaintiff, its

business, its reputation and its valuable rights in and to the Pomsies Mark and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which Skyrocket has no adequate remedy at law, and unless immediately enjoined, Defendant will continue to cause such substantial and irreparable injury, loss, and damage to Plaintiff and its valuable Pomsies Mark.

42.     Based on Defendant's actions as alleged herein, Skyrocket is entitled to injunctive relief, damages for the irreparable harm that Skyrocket has sustained, and will sustain, as a result of Defendant's unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages, treble damages, and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**(Infringement of Registered Trademark)**
**[115 U.S.C. § 1114/Lanham Act § 32(a)]**

43.     Skyrocket repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

44.     As noted *supra*, the Pomsies Mark has a constructive date of first use of December 19, 2017 and has been used by Skyrocket in interstate commerce since at least as early as June 15, 2018.

45.     Skyrocket, as owner of all right, title, and interest in and to the Pomsies Mark, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

46.     Defendant was, at the time it engaged in its actions as alleged herein, actually aware that Skyrocket is the owner of the federal trademark registration for the Pomsies Mark.

47.     Defendant did not seek, and thus inherently failed to obtain consent or authorization

from Skyrocket, as the registered trademark owner of the Pomsies Mark, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale, and/or sell Pomsies Products and/or related products bearing the Pomsies Mark into the stream of commerce.

48.     Defendant knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold Infringing Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the Pomsies Mark and/or which are identical or confusingly similar to the Pomsies Mark.

49.     Defendant knowingly and intentionally reproduced, copied, and colorably imitated the Pomsies Mark and applied such reproductions, copies, or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or sale of Defendant's Infringing Products.

50.     Defendant was, at the time it engaged in its illegal and infringing actions as alleged herein, actually aware that Skyrocket is the owner of all rights in and to the Pomsies Mark.

51.     Defendant's egregious and intentional use of the Pomsies Mark in commerce on or in connection with Defendant's Infringing Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Infringing Products, and is likely to deceive the public into believing that Defendant's Infringing Products are Skyrocket's Pomsies Products or are otherwise associated with, or authorized by, Skyrocket.

52.     Defendant's actions have been deliberate and committed with knowledge of

Skyrocket's rights and goodwill in the Pomsies Mark, as well as with bad faith and the intent to cause confusion, mistake, and deception.

53.     Defendant's continued, knowing, and intentional use of the Pomsies Mark without Skyrocket's consent or authorization constitutes intentional infringement of Skyrocket's federally registered Pomsies Mark in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

54.     As a direct and proximate result of Defendant's illegal and infringing actions as alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the Pomsies Mark and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately enjoined, Defendant will continue to cause such substantial and irreparable injury, loss, and damage to Skyrocket and its valuable Pomsies Mark.

55.     Based on Defendant's actions as alleged herein, Skyrocket is entitled to injunctive relief, damages for the irreparable harm that Skyrocket has sustained, and will sustain, as a result of Defendant's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (False Designation of Origin, Passing Off & Unfair Competition)
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

56.     Skyrocket repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

57.     Skyrocket, as the owner of all right, title, and interest in and to the Pomsies Mark,

has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

58.    The Pomsies Mark is inherently distinctive and/or have acquired distinctiveness.

59.    Defendant knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly or substantially similar to, and constitute reproductions of Skyrocket's Pomsies Mark and Pomsies Works, and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or sale of Infringing Products, with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendant's substandard Infringing Products are Pomsies Products or related products, and/or that Defendant's Infringing Products are authorized, sponsored, approved, endorsed or licensed by Plaintiff, and/or that Defendant is affiliated, connected or associated with Skyrocket, thereby creating a likelihood of confusion by consumers as to the source of such Infringing Products, and allowing Defendant to capitalize on the goodwill associated with, and the consumer recognition of, Skyrocket's Pomsies Mark and Pomsies Works, to Defendant's substantial profit in blatant disregard of Skyrocket's rights.

60.    By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products that are identical to, confusingly similar to, or which constitute colorable imitations of Skyrocket's Pomsies Products using marks and/or artwork that is identical and/or confusingly or substantially similar to, or which constitute colorable imitations of Skyrocket's Pomsies Mark and Pomsies Works, Defendant has traded off the extensive goodwill of Skyrocket and Plaintiff's

Pomsies Products and did in fact induce, and intends to, and will continue to induce customers to purchase Defendant's Infringing Products, thereby directly and unfairly competing with Skyrocket.  Such conduct has permitted and will continue to permit Defendant to make substantial sales and profits based on the goodwill and reputation of Skyrocket and Plaintiff's Pomsies Mark, which Plaintiff has amassed through its nationwide marketing, advertising, sales, and consumer recognition.

61.     Defendant knew, or by the exercise of reasonable care should have known, that its adoption and commencement of and continuing use in commerce of marks and/or artwork that are identical or confusingly or substantially similar to and constitute reproductions of Skyrocket's Pomsies Mark and Pomsies Works would cause confusion, mistake, or deception among purchasers, users, and the public.

62.     Upon information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake, and to deceive the purchasing public and with the intent to trade on the goodwill and reputation of Skyrocket, its Pomsies Products, Pomsies Mark, and Pomsies Works.

63.     As a direct and proximate result of Defendant's aforementioned actions, Defendant has caused irreparable injury to Skyrocket by depriving Skyrocket of sales of Plaintiff's Pomsies Products and by depriving Plaintiff of the value of its Pomsies Mark and Pomsies Works as commercial assets in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately restrained, Defendant will continue to cause substantial and irreparable injury to Skyrocket and the goodwill and reputation associated with the value of the Pomsies Mark and Pomsies Works.

64.     Based on Defendant's wrongful conduct, Plaintiff is entitled to injunctive relief as

well as monetary damages and other remedies as provided by the Lanham Act, including damages that Skyrocket has sustained and will sustain as a result of Defendant's illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**(Federal Copyright Infringement)**
**[17 U.S.C. § 501(a)]**

65.     Skyrocket repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

66.     Skyrocket is the exclusive owner of the Pomsies Works.

67.     Defendant had actual notice of Skyrocket's exclusive rights in and to the Pomsies Works.

68.     Defendant did not attempt and therefore inherently failed to obtain Skyrocket's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform, and/or market Skyrocket's Pomsies Products and/or Pomsies Works.

69.     Without permission, Defendant knowingly and intentionally reproduced, copied, and displayed Skyrocket's Pomsies Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products that bear such Pomsies Works, or artwork that is, at a minimum, substantially similar to Skyrocket's Pomsies Works.

70.     Defendant's unlawful and willful actions as alleged herein constitute infringement of Skyrocket's Pomsies Works, including Skyrockets' exclusive rights to reproduce, distribute, and/or sell such Pomsies Works in violation of 17 U.S.C. § 501(a).

71.     Defendant's knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Skyrocket in an amount as yet unknown but to be proven at trial, for which Skyrocket has no adequate remedy at law, and unless enjoined, Defendant will continue to cause, substantial and irreparable harm to Skyrocket.

72.     Based on Defendant's wrongful conduct, Skyrocket is entitled to injunctive relief, Skyrocket's actual damages and Defendant's profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
### (Violation of Deceptive Acts and Practices Unlawful)
### [N.Y. Gen. Bus. Law § 349]

73.     Skyrocket repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

74.     Through Defendant's unlawful, unauthorized, and unlicensed use of Skyrocket's Pomsies Works and/or Pomsies Mark on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in Infringing Products that are identical and/or confusingly or substantially similar to Skyrocket's Pomsies Products, Defendant has engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

75.     Defendant's aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade, or commerce.  Such conduct has deceived and materially misleads or has a tendency to deceive and materially mislead the consuming public and has injured and will continue to injure

Skyrocket's business, reputation, and goodwill in violation of N.Y. Gen. Bus. Law § 349.

76.     As a result of Defendant's actions alleged herein, Plaintiff has suffered and will continue to suffer irreparable harm for which they have no adequate remedy at law.

77.     Pursuant to N.Y. Gen. Bus. Law. § 349(h), Skyrocket is entitled to enjoin Defendant's unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements, and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**(False Advertising)**
**[N.Y. Gen. Bus. Law § 350]**

78.     Skyrocket repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

79.     Without the authorization of Skyrocket, Defendant has used Skyrocket's Pomsies Works and/or Pomsies Mark and/or marks and/or artwork and/or packaging designs that are identical and/or confusingly or substantially similar to Skyrocket's Pomsies Works and/or Pomsies Mark in connection with the advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products that are identical and/or confusingly or substantially similar to Skyrocket's Pomsies Products, thereby causing confusion, mistake, and deceiving consumers and the public as to the source, origin, sponsorship, or quality of Defendant's Infringing Products.

80.     Defendant's aforementioned willful and intentional conduct constitutes false advertising in the conduct of any business, trade, or commerce and has injured and will continue to injure Skyrocket's business, reputation, and goodwill in violation of N.Y. Gen. Bus. Law § 350.

81.     As a result of Defendant's actions alleged herein, Plaintiff has suffered and will continue to suffer irreparable harm for which they have no adequate remedy at law.

82.     Pursuant to N.Y. Gen. Bus. Law. § 350(e), Skyrocket is entitled to enjoin Defendant's unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements, and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(Unfair Competition)**
**[New York Common Law]**

83.     Skyrocket repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

84.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products, Defendant has traded off the extensive goodwill of Skyrocket and its Pomsies Products to induce, and did induce and intends and will continue to induce, customers to purchase its Infringing Products, thereby directly competing with Skyrocket. Such conduct has permitted and will continue to permit Defendant to make substantial sales and profits based on the goodwill and reputation of Skyrocket, which Skyrocket has amassed through its nationwide marketing, advertising, sales, and consumer recognition.

85.     Defendant's advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products was and is in violation and derogation of Skyrocket's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship, or quality of Defendant's Infringing Products.

86.     Defendant knew, or by the exercise of reasonable care should have known, that its advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products and its continuing advertising, marketing, promoting,

distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products would cause confusion and mistake, or deceive purchasers, users, and the public.

87.     Upon information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of Skyrocket's rights, and for the wrongful purpose of injuring Skyrocket and its competitive position while benefiting Defendant.

88.     As a direct and proximate result of Defendant's aforementioned wrongful actions, Skyrocket has been and will continue to be deprived of substantial sales of its Pomsies Products in an amount as yet unknown but to be determined at trial, for which Skyrocket has no adequate remedy at law, and Skyrocket has been and will continue to be deprived of the value of its Pomsies Works and Pomsies Mark as commercial assets in an amount as yet unknown but to be determined at trial, for which Skyrocket has no adequate remedy at law.

89.     As a result of Defendant's actions alleged herein, Skyrocket is entitled to injunctive relief, an order granting Skyrocket's damages and Defendant's profits stemming from its infringing activities, and exemplary or punitive damages for Defendant's intentional misconduct.

### EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)
### [New York Common Law]

90.     Skyrocket repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

91.     By virtue of the egregious and illegal acts of Defendant as described herein, Defendant has been unjustly enriched in an amount to be proven at trial.

92.     Defendant's retention of monies gained through its deceptive business practices, infringement, acts of deceit, and otherwise would serve to unjustly enrich Defendant and would

be contrary to the interests of justice.

## PRAYER FOR RELIEF

**WHEREFORE**, Skyrocket prays for judgment against Defendant as follows:

A.      For an award of Defendant's profits and Skyrocket's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a), and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B.      In the alternative to Defendant's profits and Skyrocket's actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just, which S may elect prior to the rendering of final judgment;

C.      For an award of Defendant's profits and Skyrocket's damages in an amount to be proven at trial for willful trademark infringement of its federally registered Pomsies Mark, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

D.      For an award of Defendant's profits and Skyrocket's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.      For an award of Skyrocket's actual damages and Defendant's profits, pursuant to

17 U.S.C. § 504(b) in an amount to be proven at trial for willful copyright infringement of Skyrocket's Pomsies Works under 17 U.S.C. § 501(a);

F.      In the alternative to Skyrocket's actual damages and Defendant's profits for copyright infringement of Skyrocket's Pomsies Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which Skyrocket may elect prior to the rendering of final judgment;

G.      For an award of damages in an amount to be proven at trial for deceptive acts and practices pursuant to N.Y. Gen. Bus. Law. § 349(h);

H.      For an award of damages to be proven at trial for false advertising pursuant to N.Y. Gen. Bus. Law. § 350(e);

I.      For an award of damages to be proven at trial for common law unfair competition;

J.      For an award of damages in an amount to be proven at trial for unjust enrichment;

K.      For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendant, or its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant, and all those in active concert or participation with Defendant, and each of them who receives notice directly or otherwise of such injunction from:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing and/or Counterfeit Products;

    ii. directly or indirectly infringing in any manner any of Skyrocket's trademarks, copyrights, or other rights (whether now in existence or

hereafter created) including, without limitation Skyrocket's Pomsies Mark or Pomsies Works;

iii.  using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, Skyrocket's Pomsies Mark and Pomsies Works to identify any goods or services not authorized by Skyrocket;

iv.  using any of Skyrocket's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, Skyrocket's Pomsies Works or Pomsies Mark, or any other marks or artwork that are confusingly or substantially similar Skyrocket's Pomsies Works or Pomsies Mark on or in connection with Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Counterfeit Products;

v.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake, and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendant with Skyrocket, and/or as to the origin, sponsorship, or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendant and

24

Defendant's commercial activities by Skyrocket;

    vi.   engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Counterfeit Products;

   vii.   engaging in any other actions that constitute unfair competition with Skyrocket;

 viii.   engaging in any other act in derogation of Skyrocket's rights;

    ix.   secreting, destroying, altering, removing, or otherwise dealing with the Infringing Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

    x.   effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

   xi.   instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (x) above; and

L.    For an order of the Court requiring that Defendant recall from any distributors and retailers and deliver up to Skyrocket for destruction any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors

and retailers that infringe any of Skyrocket's trademarks, copyrights, or other rights including, without limitation, Skyrocket's Pomsies Works or Pomsies Mark, or bear any marks or artwork that are confusingly or substantially similar to Skyrocket's Pomsies Works or Pomsies Mark;

M.     For an order of the Court requiring that Defendant deliver up for destruction to Skyrocket any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising, and promotional materials and any other materials in the possession, custody or control of Defendant that infringe any of Skyrocket's trademarks, copyrights, or other rights including, without limitation, Skyrocket's Pomsies Works or Pomsies Mark, or bear any marks or artwork that are confusingly or substantially similar to Skyrocket's Pomsies Works or Pomsies Mark pursuant to 15 U.S.C. § 1118;

N.     For an order from the Court requiring that Defendant provide complete accountings for any and all monies, profits, gains and advantages derived by Defendant from its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing and/or Counterfeit Products as described herein, including prejudgment interest;

O.     For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendant's possession which rightfully belong to Skyrocket;

P.     For an award of exemplary or punitive damages in an amount to be determined by the Court;

Q.     For Skyrocket's reasonable attorneys' fees;

R.     For all costs of suit; and

S.     For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Skyrocket respectfully demands a trial by jury on all claims.

Dated: January 10, 2019                    Respectfully submitted,

                                           EPSTEIN DRANGEL LLP

                                           BY:     /s/ Dwana S. Dixon
                                                   Dwana S. Dixon (DD 0609)
                                                   ddixon@ipcounselors.com
                                                   Jason M. Drangel (JD 7204)
                                                   jdrangel@ipcounselors.com
                                                   Ashly E. Sands (AS 7715)
                                                   asands@ipcounselors.com
                                                   Kerry B. Brownlee (KB 0823)
                                                   kbrownlee@ipcounselors.com
                                                   New York, NY 10165
                                                   Telephone:     (212) 292-5390
                                                   Facsimile:     (212) 292-5391
                                                   *Attorneys for Plaintiff*
                                                   *Skyrocket LLC d/b/a Skyrocket Toys*
                                                   *LLC*